NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| KEITH O. STODDARD, | ) | |
| Petitioner, | ) ) | Criminal Action No. 6: 06-544-DCR |
| V. | ) ) ) | |
| JEFF GRONDOLSKY, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Keith O. Stoddard ("Stoddard"), a prisoner currently incarcerated at the Federal Correctional Institution-Manchester in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 2]  The matter is before the Court for screening.  28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Stoddard is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.     BACKGROUND**

Stoddard has filed a previous §2241 petition in this Court, *Stoddard v. U.S. Parole Commission*, 6:05-CV-199-KKC. His criminal history is detailed in that case and will not be repeated here. Briefly stated, in 1990, Stoddard was convicted in the Superior Court for the District of Columbia and sentenced to a 15-year prison term for assault with intent to commit rape, a consecutive 1-year prison term for assault, and a consecutive 1-year prison term for attempted sodomy.

On June 16, 2000, Stoddard was released from imprisonment, but by April 27, 2001, the United States Parole Commission ("USPC") had issued a violator warrant. Upon his arrest and the revocation of his parole, on January 4, 2002, the Commission informed Stoddard of the following decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive parole after the service of 12 months.

Stoddard was paroled for the second time on September 19, 2002. However, on June 23, 2004, the Commission issued a violator warrant, specifically charging him with falsifying sex offender registry documents and failing to notify an employer that he was a sex offender.[1] Stoddard surrendered to authorities on the violator warrant on July 20, 2004.

It is the second parole revocation proceeding which is the subject of both the earlier §2241 petition as well as the petition currently pending. The preliminary/probable cause hearing was scheduled for July 23, 2004, but continued at Stoddard's request so as to give him an

---

[1] In its previous decision, this Court noted that Stoddard's employer, Hearts and Homes for Youth, Inc., is a private, nonprofit agency serving youth throughout Maryland who are neglected, abused, abandoned, runaways, homeless, or otherwise at-risk.

opportunity to obtain counsel. When none was secured, however, Stoddard requested that an attorney be assigned to him. Shortly before the probable cause hearing on July 27th, Tracy Hayes, of the District of Columbia Public Defender Service ("PDS"), introduced himself as the appointed staff attorney and went into the probable cause hearing with the Petitioner, after purportedly consulting with him only briefly.

When the hearing examiner found probable cause to believe that Stoddard had again violated his parole, a revocation hearing was scheduled for August 30, 2004. In Stoddard's previous case, this Court described Hayes' efforts on behalf of the Petitioner, the revocation hearing itself, and the USPC's decision as follows:

> [O]n July 28, 2004, PDS attorney Hayes made a request under the Freedom of Information Act for copies of all documents maintained by the Commission on Stoddard. On the same date, Hayes made a request for pre-hearing disclosure under the Commission's rule at 28 C.F.R. §2.103(d). In this request, Hayes asserted Stoddard's right to a local revocation hearing, requested that the Commission ensure the attendance of Stoddard's supervision officer at the hearing, and noted that Stoddard anticipated presenting voluntary witnesses at the hearing. On August 5, 2004, the Commission disclosed 169 pages from Stoddard's file to attorney Hayes.
>
> Stoddard's revocation hearing was held on August 30, 2004. Stoddard was represented by attorney Hayes at the hearing. Minister Barbara Montgomery and Stoddard's wife appeared as witnesses on Stoddard's behalf at the hearing; both witnesses testified in favor of the parolee. In answering the charges, Stoddard admitted that he failed to submit correct information on his sex offender verification form in regards to the name and addresses of his employer. Stoddard, however, contended that this was an innocent oversight and not an attempt to falsify the form. Moreover, Stoddard argued, the form was corrected within a brief amount of time. In regards to Charge No. 2 - failing to notify an employer of sex offender status as directed - Stoddard admitted that he did not inform a prospective employer that he had been convicted of a sex offense and was currently on parole because he wanted to present the "best face" possible and not diminish his chances of getting a job.

> At the conclusion of the hearing, the hearing examiner found Stoddard to have violated the conditions of his release and recommended the following: (1) revoke parole; (2) none of the time spent on parole should be credited; and (3) continue to a presumptive parole after the service of 12 months. The hearing examiner noted that the offense behavior was rated as Category 1, because Stoddard failed to register as a sex offender and failed to notify his employer of his sex offender status as directed. The hearing examiner also noted two aggravating factors: (1) Stoddard's use of alcohol, and (2) Stoddard's violation of the community sanctions, Electronic Monitoring Program. The hearing examiner used those aggravating factors, learned about for the first time at the hearing, to recommend a re-parole date at the top of the 8-12 month guideline range.
>
> By notice of action dated October 12, 2004, the Commission accepted the hearing examiner's recommendations to revoke parole and to deny crediting Stoddard's time spent on parole. In contrast, rather than setting Stoddard's re-parole date at 12 months as the hearing examiner recommended, the Commission determined that a departure from the guidelines was warranted and set Stoddard's re-parole date at 36 months. The notice of action explained the reasons behind the Commission's decision to exceed the guidelines, and concluded that Stoddard was a more serious parole risk than indicated by his Salient Factor Score.

*Stoddard v. U.S. Parole Commission*, 6: 05-199-KKC, D.E. 25 at 1-4.[2]

A few months later, Stoddard challenged the 2004 parole decision in his first §2241 petition to this Court. He claimed that he was denied effective assistance of counsel and that the Commission violated his due process rights, the due process claims relating to the Commission's using un-adjudicated criminal charges to revoke his parole and setting his date for re-parole.

After the Warden filed a Response to the petition, the Petitioner filed a Traverse. On November 2, 2005, this Court issued a Memorandum Opinion and Order and Judgment, denying Stoddard's petition on the merits. The Court found that the Petitioner had failed to establish either of the components for ineffective assistance of counsel as is required under *Strickland v. Washington*, 466 U.S. 668, 686 (1984). After recounting Hayes' efforts, the Court found no

---

[2] The Court's opinion is reported by Westlaw at 2005 WL 2897086 (E.D.Ky. 2005).

deficiency in counsel's performance and also no prejudice to Stoddard. *Id.* at 7. Additionally, the Court found that Stoddard had failed to state a due process claim (*i.e.*, "There is no evidence in the record to support Petitioner's position.") *Id.* at 8.

Stoddard appealed the Court's Judgment. On November 16, 2006, the United States Court of Appeals for the Sixth Circuit issued an unpublished, 4-page opinion, which affirmed this Court's decision in all respects. *Stoddard v. U.S. Parole Commission*, 6th Cir. No. 06-5106.

### II. THE CURRENT PETITION

Less than one month after the Sixth Circuit's decision, Stoddard filed the instant §2241 petition attacking the same 2004 parole proceeding and result. This time, he supports his claims about Hayes with his own affidavit and numerous exhibits. [Record No. 2] He claims that Tracy Hayes lied when he stated that he was an attorney at the time of the preliminary/probable cause hearing on July 27, 2004. According to the Petitioner, Hayes was not admitted to the D.C. Bar until August 9, 2004, a date occurring between the July 27th preliminary hearing and before the August 30th revocation hearing.

Stoddard claims that he had a right to an attorney prior to and at the preliminary hearing, pursuant to the Fourteenth and Sixth Amendment; the Criminal Justice Act, 18 U.S.C. §3006A; 18 U.S.C. §4214[(a)](2)(B); and 28 C.F.R. §2.101(b). He contends that because he was deprived of an attorney at the preliminary hearing, "[t]he finding of probable cause has been tainted through 'fraud.'" [Record No. 2] Additionally, after Hayes was admitted to the bar, he allegedly rendered ineffective assistance by not consulting with Stoddard prior to the revocation hearing,

thereby "significantly prejudic[ing]" him. Therefore, Stoddard argues, he is entitled to "immediate and/or speedier release from this unlawful custody." *Id.* at 4.

### III. DISCUSSION

The Court begins with what Stoddard does *not* say in the instant petition. He fails to disclose that he brought an earlier §2241 petition. Consistent with this omission, he does not admit to having raised the specific issue of Hayes' performance previously. Nor does he reveal that the Court found against him on the merits of Hayes' representation, or that there was an appeal in which the Sixth Circuit concurred with this Court's conclusion. Importantly, not only could Stoddard have litigated Hayes' status as law a student rather than attorney earlier, he actually did so. His allegations about Hayes were presented to the district and appellate courts at the time of the decisions against him on the merits.

In the traverse which he filed in 6: 05-199-KKC [D.E. 19], Stoddard contended that it was "unclear whether Tracy Hayes was a licensed attorney (Bar Certified) at the time he poorly represented petitioner." He went on to discuss eight ways in which Hayes purportedly performed so deficiently as to cause the severe result. Stoddard attached a copy of a May 22, 2005 letter from Hayes on Georgetown University Law Center letterhead, a letter responding to one from the Petitioner. Hayes stated that he remembered talking with Petitioner's employer at Hearts and Homes for Youth, Inc., but did not remember the specifics; he was no longer with the PDS; he suggested that Stoddard contact a staff attorney at PDS; and "I wish you good luck in the future."

In the Memorandum Opinion and Order deciding the matter, this Court set out the activities of Hayes on Stoddard's behalf, and also set out its analysis of the ineffective assistance of counsel claim:

> In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that: (1) his counsel's performance was constitutionally deficient; and (2) the prejudice resulting from his counsel's errors deprived him of a fair hearing. *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir. 1991) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). In order to show prejudice, Petitioner must demonstrate that, had it not been for his counsel's errors, the result of the proceeding would have been different. *Lynott,* 929 F.2d at 232 (citing *Young v. Miller,* 883 F.2d 1276, 1280 (6th Cir. 1989).
>
> The record does not reflect Stoddard's complaints regarding attorney Hayes. Prior to the revocation hearing, attorney Hayes made multiple requests for disclosures and, in fact, obtained over 160 pages of relevant documents from Stoddard's parole file. Moreover, attorney Hayes appeared on Stoddard's behalf at the July 27, 2004 probable cause hearing and asserted Stoddard's procedural right to the appearance of the adverse witness in his case, *i.e.,* Stoddard's supervision officer, Stacey Keaton. At the revocation hearing, attorney Hayes questioned the voluntary witnesses appearing on Stoddard's behalf and assisted Stoddard in explaining his positive urine specimen and loss of contact while on electronic monitoring. Finally, attorney Hayes argued for a middle-of-the-guideline decision based on the subject's admission to the alleged violations. The Court fails to see how these actions can be deemed constitutionally deficient.
>
> Even if the Court assumes, *arguendo*, that attorney Hayes' performance was constitutionally deficient, Stoddard has failed to establish that the allegedly deficient representation prejudiced the outcome of his parole revocation hearing. In conclusory fashion, Stoddard states that had his attorney been better prepared and more competent, the hearing examiner's recommendation would have been 10 months rather than 12. The Court has failed to find support for this position in the record. In fact, the hearing examiner's evaluation states that her decision to make a top-of-the-guideline recommendation, *i.e.,* 12 months, was based on the fact that Stoddard "submitted a urine specimen that tested positive for alcohol and the fact that he violated the [electronic monitoring] sanctions." [Record No. 17, Exhibit 25, Page 5] Regardless, the Commission rejected the hearing examiner's recommendation of 12 months and, departing from the guideline range, ordered Stoddard's re-parole be set at 36 months. Were the hearing examiner to have

> recommended 10 as opposed to 12 months, the Court is doubtful the Commission's decision would have been any different.
>
> Stoddard committed two rather serious violations of his parole, which were detailed in his supervision officer's May 28, 2004 report. Stoddard did not dispute these violations at his parole revocation hearing; he merely tried to justify them. Moreover, aggravating circumstances were found by the hearing examiner resulting in a top-of-the-guideline recommendation. The Court finds that Stoddard has failed to carry his burden of establishing that attorney Hayes demonstrated a less than reasonable level of competence in assisting him during his revocation hearing. Moreover, Petitioner has not shown that he was in any way prejudiced by his attorney's representation, or that a different result would have occurred with different counsel. *No matter who represented Petitioner, and no matter how long he/she had to prepare, it seems the hearing examiner would have made the same recommendation based on the undisputed supervision officer's report and finding of aggravating circumstances. Additionally, regardless of the hearing examiner's recommendation, there is no evidence to support the theory that the Commission's decision would have been different. Accordingly, the Court finds Stoddard's ineffective assistance of counsel argument to be without merit.*

No. 6: 05-199-KKC, D.E. 25 at 5-7, 2005 WL 2897086 at *3-4 (emphasis added). After thoroughly assessing Stoddard's constitutional claim about counsel and rejecting it, the Court also ruled against him on the due process claim, all without finding it necessary to mention the issue of Hayes' status with the D.C. law school and/or bar.

On appeal, in *Stoddard v. U.S. Parole Commission*, No. 06-5106, however, the Sixth Circuit did address the allegation that Hayes had not yet been admitted to the bar:

> In his traverse, Stoddard alleged that his counsel (Tracy Hayes) had not been licensed and was, at the time of the traverse, a student participating in the Criminal Justice Clinic at the Georgetown Law School. The district court dismissed the petition on the merits, reasoning that a rational basis existed for the Commission's conclusions.
> . . .
>
> Upon review, we conclude that the district court properly dismissed the petition. First, Stoddard received effective assistance of counsel. *See Strickland v.*

-8-

>*Washington*, 466 U.S. 668, 687-94 (1984).  His assertion that he was denied counsel because Hayes was an unlicensed student is conclusory and is not supported by the record.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  This allegation was based on a post-revocation letter, dated May 22, 2005, in which Hayes stated he was no longer with the Public Defender Service (PDS) but was currently with the Georgetown Law Criminal Justice Clinic.  However, Hayes did not indicate he was there as a law student rather than as an employee or participant in a post-graduate program.  Furthermore, letters from Hayes to the Parole Commission on July 28, 2004 are on letterhead from the PDS and Hayes used the title, "Staff Attorney."  We decline to consider Stoddard's reference to the District of Columbia Bar website to support his allegation that Hayes was not admitted to the bar as a law student until August 9, 2004.  The information on the website was not presented as evidence to the district court, and this court generally is limited to consideration of evidence presented to the district court. *See* Fed.R.App.P. 10; *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003); *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997).
>
>Stoddard's assertion that he did not have continuous representation is also conclusory as it is not supported by proper documentary evidence, such as a sworn affidavit.  Moreover, Stoddard concedes that Hayes was present at the hearings.  Thus, Stoddard was not denied representation at any critical stage.
>
>*We decline to address whether Hayes's performance was deficient because Stoddard suffered no prejudice from Hayes's alleged deficiencies. See Strickland, 466 U.S. at 697.  Stoddard has failed to demonstrate that there is a reasonable probability that the alleged errors affected the outcome of the parole revocation hearing.  Stoddard admitted the facts behind the charges, while contesting the legal significance of his actions and arguing they were excusable.*  Additionally, the charges were supported by copies of Stoddard's sex offender registration forms, employment applications, and letter of termination.  Stoddard has not shown how testimony from Mr. Bell or Dr. Weiner could have affected the outcome.  Stoddard did not file affidavits from either one and a March 11, 2005 post-revocation letter from Dr. Weiner indicates that he could not address any parole violations if called to testify.  Finally, the information about Stoddard's positive urine test and failure to comply with electronic monitoring was not introduced by Hayes but was part of the violation report.  Regardless, we decline to hold that counsel has a duty to withhold information from a government agency.

Sixth Cir. No. 06-5106, opinion dated November 16, 2006, at 2-3 (emphasis added).

In the present petition, Stoddard has raised the same issue again and has tried to improve on his presentation of it by including his affidavit and numerous exhibits. The exhibits include information on the D.C. Rule 48, Legal Assistance by Law Students; letters which Hayes wrote on Stoddard's behalf and which contain his signature as the attorney; and a January 3, 2006 page from a computer search of the D.C. Bar website (www.dcbar.org) showing Hayes' "Date of Admission: August 9, 2004," a page which was before the Sixth Circuit and rejected by it.

Congress has barred such tactical efforts to obtain a better result with another habeas petition. Title 28 of the United States Code, §2244, allows a district judge to refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. §2244(a). Therefore, under the statute, a district court may dismiss a petition if it appears that a court has previously passed on the legality to the Petitioner's detention in a prior habeas petition and no new claim is raised. *See Thunder v. U.S. Parole Com'n*. 165 Fed.Appx. 666, 668, 2006 WL 281089,**1 (10th Cir. 2006) (unpublished) (affirming dismissal of second §2241 petition and citing *George v. Perrill*, 62 F.3d 333, 334 (10th Cir.1995)).

There are also several judicially-imposed bars to relitigation. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir.), *cert. denied* (2003) (discussing *res judicata*, the "law of the case," and the "abuse of the writ" doctrines). Because *res judicata* did not historically attach to denials of habeas relief at common law (*McCleskey v. Zant*, 499 U.S. 467, 499 (1991)),

courts have enforced the ban on relitigation with "successive petitions," the "abuse of the writ" and "law of the case" doctrines.

A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition, whereas the concept of "abuse of the writ" is founded on equitable principles, *i.e.*, the a habeas petition raises grounds that were available but not relied upon previously. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (quoting *Sanders v. United States*, 373 U.S. 1, 15-19 (1963)). "[I]nstances of abuse" include" a successive application . . . [which] may be submitted in the hope of getting before a different judge in multijudge courts." *Sanders v. United States*, 373 U.S. at 16. Such is exactly the situation herein

The Sixth Circuit has noted that it is not clear that the law of the case should apply to a successive habeas petition and has declined to rule on it. *Rosales-Garcia v. Holland*, 322 F.3d at 398 n.11. However, it is not necessary to reach the law of the case doctrine today, as the Court finds that the statutory bar, the bar to successive petitions and the application of the abuse of the writ doctrine, require dismissal of this petition.

This Court has reviewed both of Stoddard's §2241 petitions, the traverse before the district court, and the disposition by the district and appellate courts. Moreover, it has included the language of the previous rulings in this Memorandum Opinion and Order which establishes that the instant petition claiming violations of the Constitution with regard to Hayes is successive. Further, nothing is presented in the present petition which would justify a review of the claims currently presented under the cause and prejudice or fundamental miscarriage of justice or any other judicial exception.

"The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served." *Moses v. United States*, 81 F.3d 161, 1996 WL 132157 (6th Cir. 1996) (unpublished) (affirming the dismissal of the successive §2241 petition arising in this Court and citing *Sanders*, 373 U.S. at 15-16), *cert. denied*, 519 U.S. 1137 (1997).

Stoddard has no right to come to this Court again with the same claims as were made before. He raised the issue of Hayes' status with the D.C. bar in his previous proceeding, the issue did not carry the day, and this Court, with a different judge presiding over the same matter, will not alter the earlier result. Allowing Stoddard to raise that same claim in the instant proceeding would constitute an impermissible successive petition. See *Crawford v. Callahan*, 2006 WL 2981303 at *1 (10th Cir. 2006) (slip op.) ("Because [Petitioner's §2241] petition is successive, we hold that § 2244(a) applies."

To the extent that Stoddard also claims violations of other federal law not raised before, *i.e.*, 18 U.S.C. §3006A, 18 U.S.C. §4214[(a)](2)(B), and 28 C.F.R. §2.101(b), in addition to the constitutional claims, the claims could have been raised in the first habeas proceeding. Similarly, his "new" claim that the lack of assistance by a licensed attorney at the preliminary hearing somehow tainted the finding of probable cause could have been raised previously. Allowing him to raise a claim herein which could have been raised in the original case would constitute an "abuse of the writ," which this Court will not permit.

The Court will not entertain the claims Stoddard attempts to raise in this, his second challenge to the 2004 parole revocation proceedings. Under the authorities cited above,[3] the Court may dismiss a subsequent petition and the Court will do so. Because Stoddard's challenge to the 2004 parole decision has already been addressed on the merits, it will not be reviewed again. *See Skinner v. Hastings*, 2006 WL 2457934, *4 (E.D.Ky. 2006) (dismissal of §2241 petition by this Court on abuse of the writ grounds).

However, even if these claims were considered on the merits, Stoddard would not be entitled to relief. His focus on Hayes and his part in the revocation proceedings loses sight of the limited scope of the district court's review of parole proceedings. As the Petitioner was told at the conclusion of his previous case, the Parole Commission is "vested with the broadest discretion consistent with due process to act upon reliable evidence in revoking parole." *Taylor v. United States Parole Commission*, 734 F.2d 1152, 1155 (6th Cir. 1984).

Consistent with this authority, the District Court's review was and is limited to determining whether the Commission abused its discretion in making a finding that the parolee violated a condition of his parole. *Id.* Here, Stoddard admitted to the violations of his parole and the Court found a rational basis for the Commission's decision in his prior §2241 petition. *Id.*; *see also Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993). Further, that finding was affirmed.

---

[3] The Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), effective April 24, 1996, codified the abuse of the writ doctrine with regard to §2255 motions and §2254 petitions. This Court finds that it need not determine whether the AEDPA applies to a second §2241 petition, because it clearly constitutes an abuse of the writ under either pre- or post-AEDPA jurisprudence. *See Davis v. Fechtel*, 150 F.3d 486, 491 (5th Cir. 1998) (same conclusion).

Therefore, even if reviewed, the claims asserted in the present petition would be dismissed as being without merit.

### IV. CONCLUSION

For the reasons discussed herein, it is hereby

**ORDERED** as follows:

(1) Keith Stoddard's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir.1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of December, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge